**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARMEN E. THOMPSON, | No. 23-3976 |
| Plaintiff-Appellant, | D.C. No. 3:23-cv-05240-SKV |
| v. | |
| MICHELLE KING, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted February 13, 2025[**]
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.[***]

Appellant Carmen E. Thompson ("Thompson") seeks review of the district

court's order and judgment affirming the Commissioner of Social Security's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

("Commissioner") denial of her application for Social Security disability insurance and supplemental income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo a district court's order upholding the Commissioner's denial of benefits and reverse only if the decision contains legal error or is not supported by substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We affirm.

1.    With respect to Thompson's challenge to the Administrative Law Judge's ("ALJ") step two finding, we hold that Thompson waived this challenge by failing to properly raise the issue before the district court. Thompson's opening brief listed only one error—that the ALJ did not give legally sufficient reasons for rejecting her need for a handheld assistive device to stand occasionally—despite the scheduling order's explicit requirement that "[b]eginning on page one, plaintiff must list the errors alleged, followed by a clear statement of the relief requested." Thompson asserts that this Court should forgive the error as the argument was included in the body of the opening brief under a subheading. We decline to do so.

2.    With respect to Thompson's challenge to the ALJ's determination that she did not medically require an assistive device, the ALJ reasonably found that an assistive device was not medically required. Residual functional capacity ("RFC") is the maximum a claimant can do in the workplace despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* SSR 96-8p.

The Court must defer to the ALJ's RFC determination "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). An RFC must include a limitation about the need for a hand-held assistive device, such as a cane or walker, only if the device is medically required. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other information)." SSR 96-9p.

To the extent that Thompson is relying on her own testimony about her use of and need for an assistive device, her testimony is insufficient to show such devices were medically required. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a). Thompson's testimony that treatment, prescribed medication, and self-medication did not mitigate her pain was inconsistent with Thompson's representations to medical examiners. Several medical providers observed that Thompson failed to give full effort during examinations, and some medical providers suspected Thompson exaggerated her symptoms. *See Thomas*, 278 F.3d at 959–60. And despite Thompson's claim of excruciating pain, she did not appear in acute distress during multiple exams. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th

Cir. 2001).

Thompson namely points to evidence showing that she received a prescription for an assistive device from Dr. Lu in 2016, and that Dr. Davies completed a form in 2021 where she checked boxes indicating that she had a medical need for a single-point cane and four-wheeled walker since the alleged onset date. The ALJ considered both Dr. Lu and Dr. Davies's opinions and rejected them both.

Under the applicable standard from 20 C.F.R. § 404.1527,[1] where contradicted by another doctor, a treating or examining doctor's opinion may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (citation omitted). Here, the ALJ considered both Dr. Lu's 2016 opinion and Dr. Davies's 2021 opinion and undertook considerable, convincing effort to explain in detail why he assigned little weight to both providers' opinions. With respect to Dr. Lu, the ALJ observed that Dr. Lu did not document any observed falls, nor did she observe Thompson's gait to be acutely or severely unsteady, and that Dr. Lu appeared to give Thompson the prescription largely because Thompson told her "[s]he would like to

---

[1] Program Operations Manual System DI 24503.050D.2.a. makes clear that the pre-March 27, 2017 standard from 20 C.F.R. § 404.1527 for evaluating medical opinions applies to the ALJ's analysis, even though Thompson filed her claim for disability insurance in January 2014 and the additional application for supplemental income in April 2017—i.e., after the post-March 27, 2017 standard from 20 C.F.R. § 404.1520c.

have a prescription for a walker to assist her balance while walking or with other activities" and based on her complaints of frequent falls, bruises, and other symptoms.

With respect to Dr. Davies's August 2021 opinion, the ALJ first noted that Dr. Davies based her assessment on Thompson's subjective complaints of pain, fatigue, and imbalance, which the ALJ considered unreliable. Second, the ALJ noted that it was unclear how Dr. Davies concluded that these devices had been medically necessary for a period well before she became Thompson's provider and in light of the lack of treatment records in 2013. The ALJ further noted that Dr. Davies's assessment was "inconsistent with treatment records showing that the claimant had a steady unassisted gait in August 2014 and experienced improvement with cervical spine surgery" and "also inconsistent with, and unsupported by, September 2014 medical evaluation findings." At bottom, the ALJ's stated reasons for rejecting the medical opinions of Dr. Lu and Dr. Davies are sufficient and supported by substantial evidence.

Overall, the evidence of use of an assistive device, combined with testimony and some medical evidence supporting the use of an assistive device, did not obligate the ALJ to find that Thompson medically required an assistive device. If substantial evidence supports the ALJ's decision, then the appellate court defers to it. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). We hold that the ALJ did not err in

5

excluding the use of a hand-held assistive device from the RFC.

3. Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). In discrediting Thompson's testimony, the ALJ noted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence in the record." The ALJ specifically highlighted Thompson's denial of the use of recreational or non-medical drugs; record evidence conflicting with Thompson's assertion that medications and other things did not help mitigate her pain; record evidence conflicting with Thompson's assertion that she did not experience any improvement with treatment; and record evidence did not support her alleged chronic severe and disabling pain due to her lack of acute stress in most exams and medical providers' observations that Thompson displayed exaggerated pain behaviors.

This Court has held that "an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In this context, this Court has said that an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate

conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Even if the ALJ overstated the extent that Thompson's activities represented the rigors of work or misevaluated the faith her doctors had in her pain, she has, at most, identified a harmless error because the ALJ's other reasons are unchallenged. Simply stated, the ALJ's decision can be affirmed because unchallenged reasons adequately support the decision to reject Thompson's subjective testimony.

4. Lastly, for the first time in her reply brief, Thompson contends that the revised lookback period provided in SSR 24-2p, effective June 22, 2024, should apply to this Court's review of the ALJ's decision dated January 6, 2022. Because arguments raised for the first time in a reply brief are forfeited, we decline to address this argument. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

**AFFIRMED.**